Mr. Maier is challenging his sentence on both procedural error and substantive error. We're alleging two grounds of procedural error, the first being under the Rasham case that the court failed to adequately explain the sentence, particularly in this case in terms of the court's finding of the numerous substantial mitigating factors and then not giving any explanation as to why he chose the sentence in the guideline range and not some other sentence. And I think Rasham is important in the sense that Rasham basically says the more a court varies downward, it needs to explain, and I think the reverse is true. The more mitigating factors a court has, the more the court needs to explain why it chose the sentence it did. And in this case, we have really no reasons outside of it found many mitigating factors and never chose one. Alito You say you've got a procedural challenge. My understanding was he was sentenced to 17 and a half years, which is what, the low end of the range? Michael Maier The low end of the guideline range, correct. Alito Okay. So let's deal with the procedural challenge. Where did the district court err procedurally? Michael Maier Well, I think there are – procedurally, the court has to explain its – I understand that they interact in terms of procedure and substantive, but I think you have to explain it, first of all, what the sentence is. The second procedural error – Alito That's substantive. I'm still hung up on prong one. Can you help us on where Judge Ishii erred with regard to the procedural aspects of calculating the guideline range? That's what a procedural challenge is, counsel. Michael Maier Well, I beg to disagree. I think Rasham and the other case in the Ninth Circuit, that government-side most recent case, indicates there are five, perhaps, procedural errors, and one of them is failed to explain the fact. Alito Well, let's look at Cardi and Zavala, which is an in-bank decision of this Court. It should be clear as to what a procedural error is or not, and that is an error in the calculation of the guideline. Sotomayor Well, there can be other procedural errors. Alito I think there is also – a procedure error can be a failure to explain, but – and I think that – Alito Okay. All right. All right. Or I guess what you're really saying is that if the district court doesn't address or consider the 3553A factors in fashioning the sentence, it's both procedurally and substantively incorrect. Alito Correct. Correct. And I think in this case, in light of the Dorby case, which I cited in my 28-J letter, there is a second procedural error that the Court incorrectly calculated the guideline range. And I was – Rolinson Counsel, this is Judge Rolinson. Rolinson Yes. Rolinson Before we leave the procedural error on failure to adequately explain the sentence imposed, what language in Rasham are you relying upon to support your argument that failure to adequately explain is a procedural error? Alito If I could just refresh my memory. I think it's – I'd have to look at the Rasham case. I don't have a specific line at this point. Rolinson All right. All right. Alito I could answer the Court's question later if I had more time to look specifically at Rasham. Rolinson That's okay. I just thought you had something off the top of your head. Alito No. I wish I did. Rolinson Okay. That's fine. Alito The second procedural error is I would refer the Court to the actual record, page 63. And the Court there says, I do not find that – excuse me. I'll back up a little bit. The Court says on line 20, the advisory guideline sentencing rate would be 210 to 262 months. The range taken in consideration of the possible maximum in this case, which is up to 240 months, and I do not find that I am bound by the 210 low level nor the 240 months, which is the maximum provided by law. And in Dorvey, and we know under the guidelines, that's incorrect because the guideline level would be 210 to 240, which is the maximum. And I think that's important because Dorvey then goes on to talk about how the Court – Alito Is that what he's saying or is he really saying I understand that these are advisory only and that I'm not bound by them? That's how I read that portion of the transcript. Rolinson Well, I think he makes a specific finding that the guideline range is 210 to 262 when it's not. It's 210 to 240. But he's saying basically that that's not constraining me in fashioning the sentence here. It's not binding on me. Kagan I understand, but I still think it's procedural in not calculating the guideline sentence correctly. And I think how it affects the sentence is he may, in his calculation, be reducing it from 262 instead of the 240, which is the maximum, and therefore not be adequately considering the mitigating factors we presented, which is what Dorvey talks about when there the Court considered the guideline to be above the maximum sentencing  Sotomayor Counsel? Rolinson Yes. Sotomayor Go ahead, Judge Fletcher. Fletcher This case is a bit unusual because in deciding which sentence, which count to strike and which to sentence under really is going to determine the guideline's range. So it's not usual that you're looking to select a count and dismissing another count to get you into this posture. So did he, the judge, give a proper explanation of why he was striking one and going with the other? I think it's pretty clear from the language he used that he decided which was the factually correct sentence or the factually correct charge here and then sentence based upon that. And I don't think that's what the Hector case decided. Basically, it says he's supposed to use his discretion in deciding which would result in an appropriate sentence. And I don't think he explained why sentencing on count two results in a more appropriate sentence than sentencing on the count one, the possession sentence. Well, I thought what he said was given the volume of images here, thousands of them, and the period of time over which the trading in the child pornography images ran, that this was a more appropriate case to be sentenced under a distribution charge than it was simply possession. Isn't that what he's saying? Well, he did talk about the amount of images and the amount of time, but he went on to at the end explain basically that he felt this was a distribution offense, not a possession offense, and therefore he should sentence under distribution. What's wrong procedurally with coming to that conclusion given the volume and the extent of your client's conduct? Well, I dispute the extent of my client's conduct as any different than other cases  We're going to come to that together, much like the case against буде which services  She got her disgraced because she was excited here. Now we feel fortunately we see a lot of these cases. This is a pretty aggravated case and I'll show you some of mine. If you trade me some of yours, let's put it at that room, and I'll share fantastic about the horrible things that I'm going to do to infants. I don't understand why you think this is. I'll point out the door of the case. For example, that case where the court found a two hundred and ten month sentence unreasonable involved a hundred to one hundred and twenty five videos, which were translated seven thousand five hundred to over nine thousand images, plus thousands of images. I don't see it as being any different. Most cases we have don't involve the kind of situation we have here, but they're exactly the same in that most of the cases we see are peer to peer networks where you have files on your computer, somebody else files on their computer and you can trade them back and forth. We just don't have the conversations. I don't assume they had good thoughts when they're doing that. I don't see it as being any different than this case. The government exaggerates in their brief the amount of images. They claim every single image that they found on his computer and they add them up to be over eight thousand is images of child pornography and the court did not find that. The court found there was surely over six hundred and maybe even thousands of images and that some of them were not child pornography and some of them were adults. So I dispute that it's any different than a lot of the other cases. In fact, one of the problems with the subject of unreasonableness is Do you want to go back to binding mandatory guideline range sentencing? I mean, this is sort of the inevitable result of what the Supreme Court did in Booker, isn't it? You're going to have variations in the way that different district judges sentence relatively similar kinds of cases because the guidelines are advisory. And that's correct, but the problem is this particular guideline and it's shown in Dorvery where every defendant gets these enhancements almost. The most recent statistics for 2009 show that over 50 percent of defendants charged with this guideline are getting variances and the average variance is 40 percent. This guideline is broken. And if we don't protect or have some rational basis to distinguish between defendants and I want to know my time is up. I just want to point out one last thing that the government's cases basically involve people who actually molested children or have a prior record of actually molesting children. These people are getting less time than Mr. Meyer who viewed them or traded them online and similar to other defendants. So the problem is where do we put these people in the spectrum? And our argument is given the substantial factors in Mr. Meyer's case, he doesn't deserve to be at the high end of the spectrum at all. I realize I'm out of time. Thank you very much, counsel. Your arguments are duly noted. We'll hear now, I guess, from Mr. Gaffa. Good morning. Thank you, Your Honor. Good morning, Judge Fletcher and Judge Rawlinson. David Gaffa for the United States. It is the government's view that the district court chief, Judge Ishii, did not err in sentencing this defendant to 210 months imprisonment and a lifetime term of supervised release. There was neither procedural error nor was the sentence substantively unreasonable. In fact, this is probably a shining example of how a judge exercises discretion. You'll note from the transcript of the sentencing proceeding that it started at about 9.15 in the morning and it concluded at approximately 6.30 p.m. There were some breaks throughout the day. However, the judge carefully noted for the record the items the court reviewed, took everything into consideration, articulated what those items were, gave the defendant a full and fair opportunity to present all mitigating facts, at the end of the hearing itemized what those mitigating facts were, and then stated, I find that the maximum sentence would be 240 months. So counsel today is incorrect when he says that the judge was working off an assumption that the top end for sentencing was 262 months, and the government has referenced in its brief. And we can also look at the excerpts of records at page 71, lines 2 through 7, where the district court found, and specifically in making its decision of why it was sentencing on the trafficking charge, but also why it chose a sentence of 210 months, found that this defendant, based on the egregious nature of the evidence that was involved, the egregious nature of his chats, and the fact that this activity had gone on for more than 8 years, and that the court had been exposed to simply a snapshot of activity that covered a period of roughly 5 months, but even during that 5-month period, there were approximately almost 8,900 images, horrific images of infants and toddlers being sexually assaulted and abused. One even had an umbilical cord attached, that this judge said, but for these mitigating facts, which he itemized, he would come perilously close to the 240-month maximum. He said, however, there are mitigating facts. I will apply those here. And applying those mitigating facts, I find that under the totality of circumstances, in all of those, after that 35 days, which he then went through, the most egregious sentence would be 210 months. That coincides with the low end of the guideline range that he calculated. At the time of sentencing, and even on appeal, counsel does not dispute the calculation of the guideline range. The government would agree that there was no procedural error in how this. Counsel? Yes. This is Judge Rawlinson. Do you agree in theory with opposing counsel that failure to adequately explain the basis for the sentence would constitute procedural error? I think it, I don't have any authority for that. However, I believe that as the cases are construed, procedural error contemplates the point up to the announcement of the sentence and the calculation of the sentence. And I believe that the articulation of why that sentence is what it was is more a substantive issue rather than procedure. So I don't. Well, in Ressam, we seem to say on page 1116, immediately preceding page 1117, that it would be procedural error for a district court to fail adequately to explain the sentence selected, including any deviation from the guidelines range. And so. So if you take that language at face value, does that change your argument at all? It wouldn't change the argument in this case, Your Honor, because Judge Ishii stated what it was that he was relying on. And he specifically said that what I need to do independently is review all of the relevant factors under 3553A to determine a reasonable sentence. And this also goes to the Court's determination as to whether or not Mr. Meyer should be sentenced under count one or count two, and then stated why, under the facts of this case, the most reasonable sentence would be 210 months. And when you look at the sentencing transcript and the decision that he articulated, it would be hard, I think, for this Court to find that there was any error in his analysis of those factors. In theory, I guess a reviewing court could disagree with a 210-month sentence. The government actually argued for and believes a higher sentence would be appropriate. However, on review, it is clear from both Supreme Court precedent and this Court's authority that there And that is because, as the Supreme Court noted, sentencing judge is in a superior position to find facts. There were facts found here. And Judge, their import under 3553A in individual cases, the judge hears evidence, makes credibility determinations, has full knowledge of the facts, and gains insights that are not conveyed by the record. The government agrees with Judge Tallman's insight that this is not a typical case. This is extremely egregious. You can look at the testimony from Special Agent Mike Prado, who said that he had worked on approximately 200 or more cases and investigations, and that he put this defendant on the far end of the spectrum of offenders. In fact, in the supplemental excerpts of record, he states, In my experience on the cases I have worked and assisted on and participated in, Mr. Meyer falls on the far end of the spectrum as far as the heinous images, the sexually violent image that he had, the extremely vulnerable and young age of the victims, as well as how prolific of a distributor he was at the time of his arrest. The amount of image is just mind-boggling as we went through the case, how much trading took place on a daily basis with corresponding sexually violent chat. So in the United States view, the judge did not err. He calculated the guideline range. And he applied all of the 3550A factors and carefully and thoughtfully articulated why, when that decision is made, taking into account all of the mitigating facts that were identified by the defendant, the 210-month sentence that he imposed was the most reasonable one. I think that's it. Thank you very much, counsel. It's just argued it's submitted. We'll take a ten-minute recess and then come back and hear the rest of the case. All right.
judges: Fletcher B. , Tallman, Rawlinson